**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                Plaintiff,

v.

PRESLEY AARON PELTIER,
      a/k/a "P Dice,"

                Defendant.

Case No. 18-cr-226 (MJD/BRT)

**PRELIMINARY ORDER**
**OF FORFEITURE**

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Presley Aaron Peltier; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the government has established the requisite nexus between such property and the offenses to which the Defendant has been found guilty,

IT IS HEREBY ORDERED that:

1.      the Motion of the United States for a Preliminary Order of Forfeiture [Docket No. 43] is **GRANTED;**

2.      the following property is forfeited to the United States pursuant 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c):

        a.      a Beretta, model 9000S, .40-caliber semiautomatic pistol, bearing serial number SN012896;

        b.      a Ruger, model SR45.45ACP-caliber semiautomatic pistol, bearing serial number 380-32761;

c.　　a Smith & Wesson, model 5906, nine-millimeter-caliber semi-automatic pistol, bearing serial number VYZ4738, and

d.　　a Ruger, model SR45, .45ACP-caliber semiautomatic pistol, bearing serial number 380-46526;

3.　　the Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4.　　the United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

5.　　pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6.　　following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

7.　　this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).


Dated:  February 13, 2109　　　　　　　　 /s Michael J. Davis
　　　　　　　　　　　　　　　　　　　MICHAEL J. DAVIS,
　　　　　　　　　　　　　　　　　　　United States District Judge